UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 11-60980-CIV-MORENO**

LAUDERDALE MARINE CENTER, LLC,

    Plaintiff,

vs.

TFG MARITIME LEASING, LLC, and PHILIP E.
MORGAMAN,

    Defendants.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**

Plaintiff, Lauderdale Marine Center, LLC, ("LMC") provided marine services to a 1986 127' Feadship tri-deck motor yacht named Golden Rule. The yacht was owned by Defendant TFG Maritime Leasing, LLC ("TFG"), a Florida limited partnership of which defendant Philip E. Morgaman ("Morgaman") was the general partner and beneficial owner of the yacht. In April 2010, the yacht's owners, TFG and Morgaman, failed to pay the outstanding invoice for LMC's marine services. In response to the owner's failure to pay, Plaintiff performed three actions to secure payment of the accrued balance. Plaintiff secured (1) a maritime lien on the yacht for necessaries, (2) a promissory note from Defendant TFG securing that lien, and (3) a personal guaranty from Defendant Morgaman additionally securing that lien.

Subsequently, the Plaintiff's fees for marine services again went unpaid by the Defendants. Plaintiff subsequently filed this action to foreclose on the maritime line on the yacht *in rem*, and for breach of the promissory note and the personal guaranty provided by the Defendants, respectively. Plaintiff settled its maritime lien with the *in rem* Defendant on June 1, 2011 when a third-party paid the lien. There is no dispute that the maritime lien has been paid in full, and Plaintiff dismissed the yacht as a Defendant *in rem*. After that settlement, the Defendants filed a motion to dismiss the remaining

counts of Plaintiff's Complaint against them.

## II. Standard of Review

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974. Pleadings by *pro se* plaintiffs, however, are held to a less stringent standard and will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III. Discussion

"A contract of guaranty is the promise to answer for the payment of the debt, default or performance of another." *Amerishop Mayfair, L.P., v. Billante*, 833 So.2d 806, 809 (Fla. DCA 2002)(citing *Nicolaysen v. Flato*, 204 So.2d 547, 549 (Fla. DCA 967)). Defendants argue that Plaintiff has no claims because the *necessaries* lien which the promissory note and personal guaranty were securing was fully paid on May 31, 2011, even though Defendants were not the ones that satisfied it. Defendants argue that both the promissory note and the personal guaranty became moot when the maritime lien was paid by a third-party. This Court agrees with Defendants that Plaintiff should not be able to recover damages for the lien because it has already been satisfied. "The law is settled that the release of the debtor constitutes a release of the guarantor." *Id.* In the instant case, the former *in rem* Defendant, M/V Golden Rule, was the debtor. "'Since a lien is a charge on property for the payment or discharge of a debt or duty, it stands to reason that where there is no longer a debt

or duty owing, no lien can be claimed.'" *Marina Funding Grp., Inc. v. Peninsula Prop. Holdings, Inc.*, 950 So.2d 428, 430 (Fla. DCA 2007)(quoting *Harbor Vill. at Saga Bay, Inc. v. Dahm*, 367 So.2d 1100, 1102 (Fla. DCA 1979)). Plaintiff cannot recover twice for the same maritime lien. "[o]nce the debtor's obligation has been paid or otherwise satisfied, the guarantor's obligation is terminated." *Matey v. Pruitt et al.*, 510 So.2d 351, 353 (Fla. DCA 1987).

Additionally, under Florida law, Plaintiff has no legal basis for receiving attorneys fees from the foreclosure a maritime lien. *See Bradford Marine, Inc. v. M/V "Sea Falcon"*, 64 F.3d 585, 588-89 (11th Cir. 1995)(holding that legal services are not "necessaries" included in a maritime lien against a vessel *in rem*).

## IV. Conclusion

THE COURT has considered the motion to dismiss, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Defendant's Motion to Dismiss **(D.E. No. 16)**, filed on **August 26, 2011** is GRANTED without prejudice. Further, it is

**ADJUDGED** that Plaintiff has until December 1, 2011 to re-file its Complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of November, 2011.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record